OFFICE OF DISCIPLINARY COUNSEL *v.* WOODS.

[Cite as Disciplinary Counsel *v.* Woods (1990), 50 Ohio St. 3d 72.]

(No. D.D. 86-23—Submitted October 24, 1989—Decided April 11, 1990.)

*Santen, Shaffer & Hughes, William E. Santen* and *John D. Holschuh, Jr.,* for petitioner.

*J. Warren Bettis,* disciplinary counsel, and *Carl J. Corletzi,* for respondent.

*James J. Condit, Stephen Cohen* and *Edwin W. Patterson III,* urging denial, for Cincinnati Bar Association.

*Per Curiam.* We concur in the findings and recommendations of the board and hereby grant the petition of Thomas P. Woods for reinstatement to the practice of law.

Gov. Bar R. V(28) states in part:

"Requisites for Reinstatement. No person shall be reinstated unless he has established by clear and convincing evidence to the satisfaction of the

panel hearing the petition for reinstatement that he has made appropriate restitution to the persons who were harmed by his misconduct and that he possesses all of the qualifications, mental, educational and moral, which would have been a requirement of an applicant for admission to the Bar of Ohio at the time of his original admission, and that he is now a proper person to be readmitted to the Bar of Ohio, notwithstanding the previous disciplinary action taken against Petitioner.* * *''

Gov. Bar R. V(28) does not state that a petitioner must be reinstated if he establishes by clear and convincing evidence that he meets all conditions set forth therein; it states that he may not be admitted unless the *panel* so finds. Thus, satisfactory proof under Gov. Bar R. V(28) is a necessary condition for reinstatement, which the panel found present in the case. We, then, examine the entire record.

Petitioner abused a friendship for his own gain. Although there was evidence that the abuse was merely injudicious — see Judge Black's dissent, 25 Ohio App. 3d at 39-40, 25 OBR at 113, 495 N.E. 2d at 470 — a trial court and court of appeals found that the acts were theft, forgery and uttering offenses, and he was punished accordingly. Petitioner's legal practice was not directly involved. Moreover, although any theft or related offense necessarily casts doubt on one's character and fitness to practice law, the facts that led to petitioner's convictions do not indicate a malignant character or an enduring offense against justice.

The Cincinnati Bar Association and Ohio State Bar Association (by implication) opposed reinstatement based largely on our opinion in *Disciplinary Counsel* v. *Bell* (1988), 39 Ohio St. 3d 276, 530 N.E. 2d 404. Because of our respect for the opinions of these organizations and their members, we examine *Bell*, which we affirm, insofar as it indicates that we shall examine the entire record, but which we distinguish on the facts.

In *Bell*, the panel also found satisfactory proof of the preconditions for reinstatement. However, we denied reinstatement, stating:

"Having thoroughly reviewed the entire record before us, * * * the gravity of * * * [petitioner's] misconduct continues to persuade us that he is unworthy of the public's trust." 39 Ohio St. 3d 276, at 277, 530 N.E. 2d 404, at 405.

The grave misconduct in *Bell* involved petitioner's misrepresentation to a court, which concealed that he was brokering the adoption of babies by making payments to the natural mothers and collecting exorbitant legal fees from the adoptive parents. This indicated to us *both* a serious character defect *and* an enduring offense against justice, neither of which is quickly or easily corrected or atoned for.

In the instant case, we believe the criminal and disciplinary sanctions that have already been meted out are appropriate to the gravity of the misconduct. Accordingly, we grant the petition of Thomas P. Woods for reinstatement.

*Petition granted.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur separately.

RESNICK, J., dissents.

DOUGLAS, J., concurring. I concur in the judgment of the majority. I, too, would concur with the decisions of the

panel and the board that petitioner be reinstated.

I cannnot concur, however, in the majority's feeble attempt to distinguish this case from *Disciplinary Counsel* v. *Bell* (1988), 39 Ohio St. 3d 276, 530 N.E. 2d 404. Nor can I concur with the majority, no matter how the words are twisted, that it is proper, under existing Gov. Bar R. V(28), to consider the gravity of a petitioner's misconduct. In so finding, the majority,[1] in searching for a way to give credence to its previous decision in *Bell,* once again ignores the clear language of Gov. Bar R. V(28), which provides that a person seeking reinstatement must show to the satisfaction of the panel "* * * that he has made appropriate restitution to the persons who were harmed by his misconduct and that he possesses all of the qualifications, mental, educational and moral, which would have been a requirement of an applicant for admission to the Bar of Ohio *at the time of his original admission,* and that he is now a proper person to be readmitted to the Bar of Ohio, *notwithstanding the previous disciplinary action taken against Petitioner.* * * *" (Emphasis added.)

In *Bell,* the panel *did* find that petitioner met all the qualifications for reinstatement, and the panel followed the rule and did *not* consider the previous disciplinary action taken against petitioner. Further, in *Bell,* the petitioner's file was replete with evidence that petitioner had been fully rehabilitated, had maintained his legal education, had been active and helpful to his rabbi and synagogue congregation, had tutored high school students as a volunteer instructor, and had an excellent reputation among professional colleagues, including prominent members of the bar and persons in the academic and religious fields.

Notwithstanding all this *and* the clear dictates of the rule, a majority of this court denied petitioner's reinstatement on the basis of "* * * the gravity of his misconduct * * *." *Id.* at 277, 530 N.E. 2d at 405. Now, the majority tries to justify its previous action by saying that somehow the case at bar is different. The majority is correct — the cases are different!

In *Bell,* the petitioner was convicted of a single *misdemeanor* and served no time in jail. In the case at bar, petitioner was convicted of three *felonies* and sentenced to one year's imprisonment. He served three hundred five days in the Chillicothe Correctional Institute.

How can we contend, as we have been doing all over this state, that the disciplinary system is fair and permit this injustice to continue? The petitioner in *Bell* met *all* the requirements for reinstatement and yet was *denied* (and continues to be denied) reinstatement. The petitioner now before us has met *all* the requirements for reinstatement and he is being reinstated, an action with which I agree.

How can we explain the difference to our colleagues at the bench, the bar and the public? Frankly, I do not know. I do know that I cannot (and will not try to) justify this obvious unfairness. Maybe there is something I do not know and am not being told.

While I concur with the judgment of the majority in the case at bar, I also believe that we should, exercising our inherent and constitutional authority over the practice of law in this state,

---

[1] It should be noted that Justice Sweeney concurred in my dissent in *Bell* and that Justice Resnick was not a member of the court when *Bell* was decided.

*sua sponte* reconsider the petitioner's application in *Bell* and grant reinstatement (if Bell is still alive), thereby righting a wrong we have permitted to exist for now over two years since the date of his submission to the court of his application for reinstatement.

Finally, it should be noted that I still do not know Bell, see my dissent in *Bell, id.* at 280, 530 N.E. 2d at 408 (or Woods), and, to my knowledge, have never met either of these gentlemen.

SWEENEY, J., concurs in the foregoing concurring opinion.

ALICE ROBIE RESNICK, J., dissenting. This matter was decided by this court prior to my assuming my position as Justice and hence I did not participate in the disposition of the disciplinary action.

In view of the fact that petitioner was convicted of three felonies and sentenced to one year's incarceration, I would have voted to permanently disbar Woods, thus making him ineligible for re-admittance. Due to the nature of the legal profession which I hold in high esteem, convicted felons, with few exceptions, should not be practicing law. The position of attorney at law is one of trust and that trust has been violated upon conviction of a felony. A higher standard for behavior must exist for lawyers.

Therefore, I would deny his petition for reinstatement.